# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

|  |  |  |
|---|---|---|
| GEORGE CLARITT, | ) | |
| | ) | |
| *Petitioner*, | ) | Civil Action No. 1:16-cv-15 Erie |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LAWRENCE P. MAHALLY, et al., | ) | |
| | ) | |
| *Respondents*. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

The Court, having considered the Report and Recommendation of Magistrate Judge Susan Paradise Baxter, Petitioner's Objections to Magistrate Judge's Report and Recommendation, and the balance of record, **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation.

(2) Petitioner's request for a writ of habeas corpus is **DENIED**.

(3) Petitioner's request for a certificate of appealability is **DENIED**.

The Court's reasoning follows.

## DISCUSSION

The factual and procedural background of this case is laid out in admirable detail in the Magistrate Judge's Report and Recommendation. (ECF No. 10 at 1-4; "R&R.") The Court adopts that account of the history of this litigation and incorporates it herein by reference. In brief, Petitioner was convicted in the Court of Common Pleas of Warren County, Pennsylvania

on charges of aggravated assault, rape, involuntary deviate sexual intercourse by forcible compulsion, terroristic threats, and indecent assault and sentenced to an aggregate term of 301-602 months of incarceration.  The conviction and sentence were affirmed by the Superior Court of Pennsylvania.  (ECF No. 8-6.)  His request for post-conviction relief ("PCRA") was denied (ECF No. 8-3 at 22-30) and affirmed on appeal.  (ECF No. 10, Ex. A.)  In January 2016 petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Petitioner raises three grounds for relief, none of which the Magistrate Judge found meritorious.  The findings of the R&R, Petitioner's objections and the Court's ruling on each claim are discussed below.

**Claim One: Petitioner's PCRA counsel was ineffective**

The R&R rejected this claim on the grounds that it is specifically prohibited by § 2254(i), which provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991), holding that "[t]here is no constitutional right to an attorney in state post-conviction proceedings."

In his objections to this finding, Petitioner cites a number of cases which he argues stand for the proposition that "a federal court can hear Petitioner's ineffective assistance of counsel claims."  (ECF No. 11, Objections at 4-7.) The cases he cites are all distinguishable, concerning either direct appeals or proceedings other than writs of habeas corpus.  He does not cite a single case overturning 28 U.S.C. § 2254(i), which could not be clearer: in a 2254 proceeding such as that which Petitioner has brought, he may not raise ineffectiveness of counsel in state post-

2

conviction proceedings as a ground for relief. The Court affirms the Magistrate Judge's finding on this claim and agrees that it is without merit.

**Claim Two: Petitioner's trial counsel failed to provide effective assistance of counsel**

Petitioner cites two grounds for this claim: first, his trial counsel's failure to file a motion requesting DNA testing of the victim and, second, his trial counsel's failure to allow Petitioner to participate in the jury selection process.

As the Magistrate Judge points out, Petitioner's ineffective assistance claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court enunciated two factors which a complaining party must establish to prevail on this claim. First, Petitioner has the burden of establishing that trial "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. And, second, the Petitioner must prove that he was prejudiced by the allegedly ineffective conduct of counsel, "that there is a reasonable probability that, but for counsel's unprofessional errors," his trial outcome "would have been different." *Id.* at 694. The *Strickland* court made it clear that if judicial economy is promoted by disposing of the ineffectiveness claim on the grounds of "lack of prejudice" first, it is permissible to analyze the claim "out of order." *Id.* at 697.

That is the approach adopted by the Magistrate Judge and endorsed by this Court. Petitioner has failed to demonstrate in any way how he was prejudiced by the conduct of which he complains. In the first place, he never denied that he had sexual contact with the victim (*see* ECF No. 8-6, slip op. at 5) therefore there is no possibility that a DNA test would have enhanced his defense. Regarding his allegations that he was excluded from the jury selection process, the state reviewing court found his trial counsel's account of that phase of the trial (that Petitioner remained silent and made no attempt to participate in jury selection) more credible. (*See* ECF

No. 8-3, slip op. at 7.)  That finding "shall be presumed to be correct" under 28 U.S.C. § 2254(e)(1) and, in fact, Petitioner does not even challenge the finding in his objections.

This Court adopts the finding of the R&R that Claim Two is without merit.

**Claim Three: The Superior Court of Pennsylvania erred in failing to inform Petitioner that the PCRA appeal had concluded**

Petitioner abandons this claim in his Objections: "At this juncture Petitioner does not and will not dispute Magistrate Judge Baxter's holding that claim three (*sic*) is not cognizable due to the fact that even by the delay of the Pennsylvania Superior Court to notify Petitioner that his PCRA appeal was completed his Writ of Habeas Corpus was timely filed in this matter." (Objections at 8.)

In any event, "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral [PCRA] proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(internal citations omitted).

This Court adopts the finding of the R&R that Claim Three is without merit.

**Certificate of Appealability**

"A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253.  In the face of a substantive rejection of a constitutional claim by a district court, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Utilizing that standard, this Court finds that reasonable jurists would not find the denial of Petitioner's claims debatable. On that basis, the Court will DENY Petitioner's request for a certificate of appealability.

## CONCLUSION

(1) For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation.

(2) Petitioner's request for a writ of habeas corpus is **DENIED**.

(3) Petitioner's request for a certificate of appealability is **DENIED**.

(4) This case is **CLOSED**.

(5) The Clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge